

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 24, 1990

Mr. Bob Dickson
Executive Director
Texas Commission on Alcohol
  and Drug Abuse
1705 Guadalupe
Austin, Texas 78701-1214

Opinion No. JM-1178

Re: Whether the investigatory records of alleged abuse or neglect in a licensed drug treatment facility held by the Texas Commission on Alcohol and Drug Abuse are confidential under the Health and Safety Code (RQ-1823)

Dear Mr. Dickson:

The Texas Commission on Alcohol and Drug Abuse (the commission) has received a request from a reporter for the complete file on a drug treatment center, including, but not limited to, its license application and site inspection reports. You have disclosed the licensure records, but raise exception 3(a)(1) of the Texas Open Records Act in response to the request for the investigatory records you have on file. You assert the records of investigation of alleged abuse or neglect in a licensed facility fall within the confidentiality provisions of former article 5561cc, section 13e, V.T.C.S., now sections 464.010 and 464.011 of the Health and Safety Code, and also regulations of the United States Department of Health and Human Services implementing section 290dd-3 and ee-3 of title 42 of the United States Code. 52 Fed. Reg. 21811 (to be codified at 42 C.F.R. Part 2).

Section 3(a)(1) of the Texas Open Records Act, article 6252-17a, V.T.C.S., excepts from required public disclosure "information deemed confidential by law, whether Constitutional, statutory, or by judicial decision." Section 464.010(e), the confidentiality statute for reports of investigations of abuse or neglect at a drug treatment facility, provides:

> (e)   All records made by the commission during its investigation are confidential and may not be released  except that the  release may be made:
>
>> (1)   on court order;
>>
>> (2)   on written  request and  consent  of the person  under  investigation  or  that person's authorized attorney; or
>>
>> (3)   as provided by Section 464.011.

Section 464.011 provides:

> The commission may make its licensure  and investigatory records available to a state or federal agency  on  written  request  by  the agency's representative if the agency  agrees not  to  disclose  information that  could identify a client in violation of the law.

We agree that section  464.010(e) is applicable to  the investigatory reports requested in  this case.  The  records were made by the commission  in the course of an  investigation of  alleged  abuse  and neglect  at a  drug  treatment center.[1] None of the  exceptions in section 464.010(e)  or section 464.011 applies.   Thus, you may  not release  these reports.

As we have concluded that the investigatory reports  in their entirety may not be disclosed under section 3(a)(1) of the Open Records Act  as information deemed confidential  by statutory law, to wit, section 464.010(e) of the Health  and Safety Code, we  need not address  your assertions based  on the federal regulations.

---

1.   The investigation is of a "drug treatment  facility" as those terms are defined in section 464.001(5) and (6)  of the Health and Safety Code.

## S U M M A R Y

Texas Commission on Alcohol and Drug Abuse reports of investigations of abuse or neglect at a drug treatment center are protected from required public disclosure under section 3(a)(1) of the Open Records Act, art. 6252-17a, V.T.C.S., pursuant to section 464.010(e) of the Health and Safety Code. Such reports may be released only as provided in sections 464.010(e) and 464.011 of the Health and Safety Code.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Kay H. Guajardo
Assistant Attorney General